## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ROXANNE TROY,<br><br>      Petitioner,<br><br>      v.<br><br>UNITED STATES OF AMERICA,<br><br>      Respondent. | Criminal No.<br>07-40028-FDS |

### ORDER ON CERTIFICATE OF APPEALABILITY

**SAYLOR, J.**

Petitioner Roxanne Troy was convicted in this Court of one count of attempted arson and two counts of solicitation to commit a crime of violence, and is currently serving a five-year prison sentence. The United States Court of Appeals for the First Circuit affirmed her conviction, and this Court denied her petition for a writ of habeas corpus under 28 U.S.C. § 2255. The present issue is whether Troy should be granted a certificate of appealability ("COA") in order to appeal the denial of her habeas petition. For the reasons that follow, that certificate will be granted.

**I.     Background**

Petitioner Roxanne Troy filed a petition pursuant to 28 U.S.C. § 2255 asserting that her conviction was obtained in violation of her Sixth Amendment right to effective counsel. She alleged that her trial counsel was constitutionally ineffective because counsel failed to move to dismiss her indictment before trial for violations of the Speedy Trial Act. This Court considered her arguments and denied her petition. The Court found that the performance of Troy's counsel

did not meet the standard for ineffective assistance of counsel established in *Strickland v. Washington*. 466 U.S. 668 (1984).

## II.   Discussion

To appeal the final order in a proceeding instituted under 28 U.S.C. § 2255, the petitioner must first obtain a Certificate of Appealability ("COA") from a circuit justice or a district court. *See* 28 U.S.C. § 2253(c). A COA will issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This standard is satisfied by "demonstrating that jurists of reason could disagree with the district court's resolution of [petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Petitioner contends that her trial counsel should have moved to dismiss the indictment before trial because she was not brought to trial within the 70-day period permitted by the Speedy Trial Act, and counsel's failure to do so constituted ineffective assistance of counsel. The Court will grant a certificate of appealability as to the denial of habeas relief for petitioner's claim. It would not be implausible for reasonable jurists to decide that the failure of Troy's attorney to move to dismiss the indictment before trial was deficient performance. It would also not be implausible for reasonable jurists to decide that Troy suffered prejudice as a result of counsel's error. Reasonable jurists could therefore disagree with this Court's conclusion and likewise could conclude that the issue presented is "adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327.

## III.   Conclusion

In accordance with the foregoing, a certificate of appealability is GRANTED as to petitioner's claim that her sentence was imposed in violation of the Sixth Amendment because

her attorney failed to move to dismiss her indictment before trial for violations of the Speedy Trial Act.

**So Ordered**.

                                                     /s/ F. Dennis Saylor
                                                     F. Dennis Saylor IV
                                                     United States District Judge

Dated: October 10, 2012